**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

vs.　　　　　　　　　　　　　　　　　　3:05cr30/MCR
　　　　　　　　　　　　　　　　　　　　3:08cv342/MCR/MD
JOSEPH BRADLEY MURPHY, JR.
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

This cause is before the court on defendant's motion for a certificate of appealability (doc. 110) in his appeal of the denial of his motion to re-open and amend his first 28 U.S.C. § 2255 motion (doc. 100).[1] Unless a certificate of appealability is issued, the defendant may not take an appeal from the final order denying Section 2255 relief. *See* 28 U.S.C. 2253(c)(1)(B). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039 (2003); *United States v. Futch*, 518 F.3d 887 (11th Cir. 2008). If a certificate issues it must indicate the issue or issues which satisfy this standard. § 2253(c)(3).

The standard for granting a certificate of appealability is "materially identical" to the pre-AEDPA standard for granting a certificate of probable cause. *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997) (*citing* 28 U.S.C. § 2253(c)(2) *and Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)). The Court in *Barefoot* found the following statement "cogently sums up this standard:"

---

[1] The notice of appeal of the denial of the motion to re-open was construed as a request for a certificate of appealability pursuant to the Eleventh Circuit's request. (Doc. 109).

> "In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' "

*Id.*, n. 4 (citations omitted); *see also*, *Miller-El, supra; Slack, supra; Eagle v. Linahan,* 279 F.3d 926, 935 (11th Cir. 2001); *Weeks v. Jones*, 52 F.3d 1559, 1574 (11th Cir. 1995), *cert. denied*, 514 U.S. 1104 (1995) (*quoting Barefoot*); *United States v. Rocha*, 109 F.3d 225, 227 n.2 (5th Cir. 1997). "The primary difference between the two certificates is that a COA must specify on its face the issues on which the petitioner has been granted leave to appeal." *Eagle*, 279 F.3d at 935. The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El,* 537 U.S. at 336, 123 S.Ct. at 1039. For claims defeated on the merits, the petitioner seeking a certificate of appealability must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Eagle*, 279 F.3d at 935 (citing *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604); *United States v. Futch*, 518 F.3d 887 (11th Cir. 2008) (resolution of petitioner's constitutional claims must have been "debatable amongst jurists of reason"). If a claim has been disposed of on procedural grounds, in order for a certificate of appealability to be granted, it must be shown that reasonable jurists would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* (citing *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (quoting *Slack*, 529 U.S. at 483, 120 S.Ct. at 1604)); *Gonzalez v. Secretary of Department of Corrections*, 317 F.3d 1308, 1312 (11th Cir. 2003). The Supreme Court has further explained:

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. *Barefoot*, supra, at 893, 103 S.Ct. 3383. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason

might agree, after the COA has been granted and the case has received full
consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338, 123 S.Ct. at 1040.

Defendant seeks a certificate of appealability on the issue of whether the court committed procedural error in denying his request to re-open and amend his § 2255 motion, which would then require him to seek leave from the Eleventh Circuit to file a second or successive motion before the court addresses the merits of his motion. Upon review of the record, the court determines that the certificate should issue. § 2253(c)(2).

It is therefore ORDERED:

Defendant's motion for a certificate of appealability (doc. 101) is GRANTED as set forth herein.

**DONE AND ORDERED** this 11th day of January, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**